Submitted October 30, conviction for first-degree forgery reversed; remanded for entry of a judgment of conviction for second-degree forgery and for resentencing November 27, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CYNDE DARLENE TORREZ,
*Defendant-Appellant.*

Marion County Circuit Court
11C40031; A149741

314 P3d 978

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of first-degree forgery after attempting to cash a forged United States Treasury check. On appeal, she argues that her conduct constituted second-degree forgery, ORS 165.007, and that the court plainly erred by entering a conviction for first-degree forgery. The state concedes that the trial court plainly erred in that regard and urges us to remand for entry of a conviction for second-degree forgery instead. We agree with and accept the state's concession.

Under ORS 165.007(1), a person commits the crime of forgery in the second degree if, with intent to injure or defraud, the person "(a) [f]alsely makes, completes or alters a written instrument; or (b) [u]tters a written instrument which the person knows to be forged." The crime is elevated to first-degree forgery if "the written instrument is or purports to be," among other things, "[p]art of an issue of money, securities, postage or revenue stamps, or other valuable instruments issued by a government or governmental agency." ORS 165.013(1)(a)(A). Defendant was charged with first-degree forgery based on the following allegation:

> "The defendant *** did unlawfully, knowingly, and with intent to injure and defraud, utter a United States Treasury check, a written instrument, that purported to be a part of an issue of United States Treasury check issued by United States Treasury, a governmental agency, defendant knowing said written instrument, to be forged."

The state proceeded to trial, and defendant was ultimately convicted, on the theory that a United States Treasury check is a "valuable instrument" issued by the federal government for purposes of ORS 165.013(1)(a)(A). Although the validity of that theory was not challenged below, the parties now agree that the theory is foreclosed by our decision in *State v. Tarrence*, 161 Or App 583, 590, 985 P2d 225 (1999). In *Tarrence* we held, based on the text, context, and legislative history of ORS 165.013, that the phrase "other valuable instruments issued by a government or governmental agency" does not include government-issued checks. 161 Or App at 589-90.

We agree with the parties' contentions that, under *Tarrence*, the state alleged and proved the crime of second-degree forgery rather than first-degree forgery, and that the trial court plainly erred in entering a conviction for the more serious offense. We further agree that, given the nature and gravity of the error, the lack of any conceivable strategic reason for failing to object, and the ease by which the error can be remedied, this court should correct the error by reversing the conviction and remanding for entry of a judgment of conviction for second-degree forgery.

Conviction for first-degree forgery reversed; remanded for entry of a judgment of conviction for second-degree forgery and for resentencing.